# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BOEMONT JAMES BRIDE,

    Defendant.

Case No. CR09-157-MJP

**PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE**

## INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on February 27, 2012. The defendant appeared pursuant to a warrant issued in this case. The United States was represented by Francis Franze-Nakamura, and defendant was represented by Corey Endo. Also present was U.S. Probation Officer Brian Facklam. The proceedings were digitally recorded.

## SENTENCE AND PRIOR ACTION

Defendant was originally sentenced on August 24, 2006, by the Honorable Marsha J. Pechman for Manufacturing of Counterfeit Currency. He received 36 months of detention and 3 years of supervised release.

On May 6, 2009, Mr. Bride's conditions of supervision were modified in the District of

Montana to include a condition that he participate in the home confinement program, curfew component, with electronic monitoring and sobrietor for 90 days, after he was arrested for driving under the influence. At that time it was requested that jurisdiction be transferred to the Western District of Washington which was completed on May 20, 2009.

On July 2, 2009, Mr. Bride's conditions of supervision were modified a second time to extend his term of home confinement and additional 30 days, for a total of 120 days, and to remove the curfew component making his term of home confinement more restrictive. This was requested after Mr. Bride relapsed on alcohol.

On October 6, 2009, Mr. Bride's conditions of supervision were modified a third time after he admitted to consuming cough medicine containing alcohol which is strictly prohibited while participating in the home confinement program. His term of home confinement was extended an additional 30 days, for a total of 150 days.

On April 12, 2010, a violation report was submitted alleging that Mr. Bride had violated his conditions of supervision after he tested positive for alcohol and admitted to abusing NyQuil, a cough medicine containing alcohol. No action was recommended and approved by the Court on April 19, 2010.

On March 7, 2011, a violation report and warrant request was submitted alleging that Mr. Bride had violated his conditions of supervision by failing to participate in drug testing, using methamphetamine on numerous occasions, committing the crime of driving while license suspended ("DWLS"), and failing to follow the instructions of the probation officer by continuing to use the drug "spice" despite instructions prohibiting him from doing so. The violation related to the DWLS offense was dismissed and he admitted to the remaining violations. His term of supervised release was revoked and on May 5, 2011, he was sentenced to

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO ALLEGED VIOLATIONS
OF SUPERVISED RELEASE - 2

90 days custody followed by a new term of one year of supervised release.  That term of supervised release began on June 7, 2011.

Lastly, on November 16, 2011, a violation report and warrant request was submitted alleging that Mr. Bride violated his conditions of supervised release by using methamphetamine on or about October 5, 2011, failing to appear for drug testing on six occasions; and failing to participate in a substance abuse program.  He admitted to the violations as alleged on December 19, 2011, he received a sentence of time served, to remain in custody until such time that he could enter an inpatient drug treatment program.  Mr. Bride was released from custody and entered an in-patient treatment program on December 21, 2911.  This also constituted the start of his current term of supervised release.  He completed his in-patient treatment program on January 10, 2012.

## PRESENTLY ALLEGED VIOLATIONS

In a petition dated January 26, 2012, U.S. Probation Officer Brian K. Facklam alleged that defendant violated the following conditions of supervised release:

1. Committing the criminal offense of driving while license suspended on or about January 22, 2012, in violation of the general condition of supervision that he not commit another federal, state, or local crime.

2. Committing the criminal offense of driving while license suspended on or about January 22, 2012, in violation of the general condition of supervision that he not commit another federal, state, or local crime.

3. Committing the criminal offense of hit and run an occupied vehicle on or about January 22, 2012, in violation of the general condition of supervision that he not commit another federal, state, or local crime.

**FINDINGS FOLLOWING EVIDENTIARY HEARING**

Defendant would not admit the above violations and did not contest or object to the government's evidence. The Court finds the violations are established. The matter is set for a disposition hearing on March 13, 2012 at 4:00 p.m. before Chief District Judge Marsha J. Pechman.

**RECOMMENDED FINDINGS AND CONCLUSIONS**

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release as alleged above, and conduct a disposition hearing.

DATED this 27th day of February, 2012.

DEAN BRETT
United States Magistrate Judge